IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEXAS EASTERN TRANSMISSION, LP : <br> 5400 Westheimer Court : <br> Houston, TX  77056, : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> THOMAS W. FLECK and : <br> CATHY ANN FLECK : <br> 1872 West Rock Road : <br> Perkasie, PA  18944, : <br> : <br> Defendants : | CIVIL ACTION - EQUITY <br><br> No. _____ |

**<u>JUDGMENT GRANTING PERMANENT INJUNCTION</u>**

This matter came on for trial upon motion by plaintiff Texas Eastern Transmission, LP ("Texas Eastern") for a permanent injunction, pursuant to Fed. R. Civ. P. 65, to enjoin and restrain defendants from interfering in the exercise of Texas Eastern's easement rights and temporary working space.

The issues having been duly tried to the Court, with all evidence submitted by the parties, and arguments of counsel considered, this Court hereby finds and concludes, on the basis

of the accompanying findings of fact and conclusions of law, which are incorporated by reference herein, as follows:

    1.   The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

    2.   As the owners and occupants of the easement property described in the agreements referenced in the accompanying findings of fact, Thomas W. Fleck and Cathy Ann Fleck, are bound by the terms and conditions of the original 1957 and 1960 grants of the easements.

    3.   The Court's exercise of equity jurisdiction over this action for injunctive relief is proper because:

        a.  Texas Eastern has no adequate legal remedy, in that absent an injunction, it would be required to file a new action each time defendants interfere with or threaten to interfere with access to/within the granted easement area; and

        b.  No equitable defenses preclude jurisdiction.

    4.   Texas Eastern has succeeded on the merits of its claim.

    5.   The balance of equities tips in favor of granting injunction relief to Texas Eastern.

In view of the foregoing, the Court concludes that Texas Eastern is entitled to a permanent injunction in this case.

Therefore, IT IS ORDERED AND ADJUDGED that:

1.   Defendants Thomas W. Fleck and Cathy Ann Fleck shall be prohibited from interfering with Texas Eastern's use of the easement area for the purposes set forth in the grants dated October 9, 1957, October 29, 1957 and September 20, 1960, including, but not limited to, laying, constructing, maintaining and operating additional pipelines authorized and approved by the Federal Energy Regulatory Commission, and its successors or assigns.

2.   Texas Eastern shall recover the costs of this action from defendant.

BY THE COURT:

Dated: _____

United States District Judge