```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TEXAS EASTERN TRANSMISSION, LP    :   CIVIL ACTION
                                  :
            v.                    :
                                  :
THOMAS W. FLECK and CATHY ANN FLECK:  NO. 02-4956
```

### ORDER - MEMORANDUM

**AND NOW**, this ___ day of July, 2003, upon consideration of Plaintiff's Motion to Dismiss Counterclaim for Damages (Doc. No. 10), and Defendants' Response thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED in part** with respect to the dismissal of the Counterclaim for attorney's fees and costs **and DENIED in all other respects**.

On July 22, 2002, Plaintiff Texas Eastern Transmission, LP ("Texas Eastern") filed a Complaint for injunctive relief and a motion for preliminary injunction, seeking to prevent Defendants Thomas W. Fleck and Cathy Ann Fleck ("Flecks") from interfering with its right to lay, construct, maintain and operate an additional pipeline in its existing easement crossing the Flecks' property in East Rockhill Township, Pennsylvania, as established pursuant to three right-of-way grants. On August 12, 2002, a Consent Decree was entered resolving the injunction issues. Since then, Texas Eastern has concluded its construction activities adjacent to and on the Flecks' property. The Consent Decree included a provision for a hearing on damages absent agreement by

1

the parties as to the amount of damages. On May 9, 2003, the Flecks filed a Counterclaim for damages against Texas Eastern, and a hearing on damages has been scheduled. Texas Eastern moves to dismiss the Counterclaim in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff can prove no set of facts in support of the claim that would entitle her to relief. ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). The reviewing court must consider only those facts alleged in the complaint and accept all of the allegations as true. Id.

In the Counterclaim, the Flecks seek compensation and/or damages attributed to the conduct and activities of Texas Eastern and/or its subcontractors and employees, for, *inter alia*, loss and use of quiet enjoyment of their property and grounds; loss of value to their property as may be determined by a licensed professional appraiser; physical damage to their property; failure to remove construction debris including trees and boulders; failure to repair and restore their driveway to a condition equal to or better than had existed prior to Texas Eastern's activities; attorney's fees, court costs, expert witness costs and expenses incurred; and additional damages as may be proven at the hearing (Counterclaim at 1-2.)

First, Texas Eastern argues that, under Pennsylvania law, the

Flecks cannot recover for both restoration costs and diminution in value of the real property in question and that they should be required to restate the counterclaim accordingly. Where injury to real property is permanent, the measure of damages is the diminution or decrease in the fair market value of the property. See <u>Matakis v. Woodmansee</u>, 667 A.2d 228, 232 (Pa. Super. Ct. 1995); <u>Kirkbride v. Lisbon Contractors, Inc.</u>, 560 A.2d 809, 813 (Pa. Super. Ct. 1989). The Pennsylvania Superior Court has held that a permanent injury is limited to those instances where the damage was caused by a de facto taking or where the injury was unequivocally beyond repair; for example, the destruction of springs of water, the infusion of salt water into a well, and the infusion of sulfur into a spring have been held to be permanent injuries, while damages caused by flooding of property and by the altering of landscape resulting in an increase of water drainage have been held to be reparable injuries. <u>Kirkbride</u>, 560 A.2d at 813 (citations omitted). More recently, permanent injury has been considered to depend on whether the cost of repair would be unfair or inappropriate. See <u>Duquesne Light Co. v. Woodland Hills School Dist.</u>, 700 A.2d 1038, 1053 (Pa. Commw. Ct. 1997) (citing <u>Wade v. S.J. Groves & Sons Co.</u>, 424 A.2d 902 (Pa. Super. Ct. 1981); <u>In re Paoli R.R. Yard PCB Litigation</u>, 35 F.3d 717 (3d Cir. 1994)). Where the cost of repair is shown to be reasonable, the injury to real property is not permanent; where the cost disproportionately

exceeds the diminution in the value of the property, the injury is permanent. Id. The Pennsylvania Superior Court has indicated that damage to mature trees, where replacement would necessitate twenty-five to thirty-years time before the new trees would attain the same stature as those removed, would be deemed permanent. Richards v. Sun Pipe Line Co., 636 A.2d 1162, 1165, n.1 (Pa. Super. Ct. 1994). When the injury is reparable, the measure of damages is the cost of repairs unless such cost is equal to or exceeds the value of the injured property. Kirkbride, 560 A.2d at 812 (citation omitted). Where the cost of repair exceeds the value of the property, the cost of damages becomes the value of the property. Id.

In the Counterclaim, the Flecks indicate that some damage is reparable, specifically, they seek damages for the failure to remove construction debris including trees and boulders and for the failure to repair the driveway. They also seek damages for "physical damage" to the property and "additional damages as may be proven at the [hearing]" and "loss of value to [the] property as may be determined by a licensed professional appraiser." (Counterclaim at 1-2.) Pursuant to Federal Rule of Civil Procedure 8(a), notice pleading is sufficient. The Court therefore finds that the Counterclaim could be deemed to present both reparable and permanent damages. Accordingly, the Court finds that the Counterclaim presents damage theories which are applicable under

Pennsylvania law and denies dismissal with respect to this issue.

Texas Eastern also suggests that the "gist of the action" doctrine precludes recovery on both a tort theory and contract theory in this action. The "gist of the action" doctrine precludes a plaintiff from re-casting ordinary breach of contract claims into tort claims. Freestone v. New England Log Homes, Inc., 819 A.2d 550, 554 (Pa. Super. Ct. 2003) (citation omitted). If a claim alleges that a tort was committed during the course of carrying out a contractual agreement,[1] the Pennsylvania courts examine the claim and determine whether the "gist" or gravamen of it sounds in contract or tort. Id. The Court has not found any Pennsylvania cases that have applied the "gist of the action" doctrine to trespass/easement actions. The courts have, however, stated that "the use, by the grantee of an easement, of land other than that described in the easement is, generally, an act in trespass and not in breach of the easement." Marlowe v. Lehigh Township, 441 A.2d 497, 502 (Pa. Commw. Ct. 1982). This Court has previously held the same. See Texas Eastern Transmission Corp. v. Grassi, Civ. A. Nos. 89-4617, 89-5515, 1992 WL 172594, at *7 (E.D. Pa. July 12, 1992) (holding "that the measure of damages is controlled by the easement grants, [t]o the extent that Texas Eastern did not exceed the bounds of the easement by what was reasonably necessary for

---

[1] Under Pennsylvania law, written easements are governed by contract law. See, e.g., Zettlemoyer v. Transcontinental Gas Pipeline Corp., 657 A.2d 920, 924 (Pa. 1995).

replacement of the pipeline[, and, if] Texas Eastern did exceed the bounds of the easement, then it is liable in trespass for tort damages to the area outside the easement on a cost to restore and repair basis, limited to the fair market value of the affected land outside the easement"). Accordingly, the Court declines to apply the "gist of the action" doctrine and finds that, pursuant to the notice pleading standard, the Counterclaim may be read to allege both trespass and breach of the easement.[2] The Motion to Dismiss regarding this aspect is therefore denied.

Texas Eastern also argues that the claim for the "loss of use and quiet enjoyment" of the Flecks' property is inconsistent with Pennsylvania law and should be dismissed. Texas Eastern argues that the claim for "loss of use and quiet enjoyment" implies a trespass or eviction, and an easement contemplates joint occupancy by the parties, thereby negating any trespass or eviction. Again, however, to the extent that Texas Eastern may have unreasonably exceeded the scope of the easement boundaries, an action for "loss of use and quiet enjoyment" could be actionable. Pursuant to the notice pleading standard, the Court denies Texas Eastern's Motion to Dismiss regarding this issue.

---

[2]Indeed, in their Response to the Motion to Dismiss, the Flecks argue that they have a right to prove damages pursuant to <u>Grassi</u>. They also allege that Texas Eastern failed to "conduct its operations in such a manner [sic] as to not cause an adverse effect to [their] property and home outside of the easement boundaries. (Resp. at 3-4.)

Texas Eastern also seeks to dismiss the Flecks' claim for attorney's fees, court costs, expert witness costs and expenses. The subject easements do not authorize an award of attorney's fees and costs. (See Compl., Ex. A.) Moreover, Pennsylvania law precludes an award of attorney's fees. See, e.g., Montgomery Ward & Co., Inc. v. Pacific Indemnity Co., 557 F.2d 51, 58-59 (3d Cir. 1977) ("'Over and over again we have decided there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same, or clear agreement by the parties, or some other established exception.'") (internal and external citations omitted). Accordingly, the Court grants Texas Eastern's Motion to Dismiss with respect to the claim for attorney's fees and costs.

BY THE COURT:

_____
John R. Padova, J.